IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CARL ODELL VARNER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:19CV872–HEH |
| ) | |
| DEPT. OF CORR NOTTOWAY ) | |
| CORRECTIONAL CENTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**
**(Dismissing Action Without Prejudice)**

Plaintiff, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13–8–CMC–BHH, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining that the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (citations omitted) (affirming the district court's determination that Piedmont Regional Jail is not a "person"

a

under § 1983). In his current Complaint, Plaintiff does not identify the particular constitutional right that was violated by the defendant's conduct. Plaintiff's current allegations also fail to provide the defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on July 29, 2020, the Court directed Plaintiff to submit a particularized complaint within thirty (30) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action.

More than thirty (30) days have elapsed since the entry of the July 29, 2020 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the July 29, 2020 Memorandum Order. Accordingly, the action will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

                                                  /s/
                                HENRY E. HUDSON
Date: Sept. 8, 2020         SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia